UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PAIGE CHEREE KIMBLEY                                                                                      PLAINTIFF

v.                                            No. 2:22-CV-02075

WAYNE LESLIE STARR and
JOHN DOES 1 & 2                                                                                         DEFENDANTS

**OPINION AND ORDER**

Before the Court is Plaintiff Paige Cheree Kimbley's motion to remand (Doc. 6) and brief in support (Doc. 7). Defendant Wayne Leslie Starr did not file a response, and the deadline to respond has passed. Starr filed a notice of removal (Doc. 1) on May 2, 2022, asserting this Court has jurisdiction over this matter under 28 U.S.C. § 1332(a)(1) because there was complete diversity of citizenship and the amount in controversy exceeded $75,000. Plaintiff argues that because her complaint (Doc. 3) did not allege a specific amount in controversy, but simply alleged damages "in a sum and amount to be determined at the trial of this matter," *id.* at p. 2, ¶ 6, pursuant to Arkansas Rule of Civil Procedure 8(a), recovery is limited to an amount less than is required for diversity jurisdiction, and remand is proper.

"The district courts of the United States . . . 'are courts of limited jurisdiction . . . possess[ing] only that power authorized by Constitution and statute.'" *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Federal courts must strictly construe the federal removal statute and resolve any ambiguities about federal jurisdiction in favor of remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997). A defendant in state court may remove a case to federal court if the defendant can demonstrate the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). In removal cases, the party asserting

federal jurisdiction has the burden of proof and must show, by a preponderance of the evidence, that the amount in controversy requirement has been met. *In re Minn. Mut. Life Ins. Co. Sales Pracs. Litig.*, 346, F.3d 830, 834 (8th Cir. 2003). Jurisdiction is determined at the time of removal. *See Hargis v. Access Cap. Funding, LLC*, 674 F.3d 783, 789 (8th Cir. 2012).

Plaintiff's cause of action arises from a car accident which occurred in Alma, Arkansas. Plaintiff alleges that because of "the negligence of Defendant Starr, the Plaintiff has been caused to incur permanent personal injury, medical bills, pain and suffering (past and present), aggravation of a pre-existing condition, loss of earning capacity, and other damages." (Doc. 3, p. 2, ¶ 6). In his notice of removal, Defendant Starr states that upon "information and belief, the amount in controversy in this case exceeds seventy-five thousand dollars." (Doc. 1, p. 3, ¶ 14).

Plaintiff argues that because she did not allege a specific amount of damages, Arkansas Rule of Civil Procedure 8(a) limits her damages to $75,000, and the amount in controversy requirement is not satisfied. Arkansas Rule of Civil Procedure 8(a) states that "in claims for unliquidated damage, a demand containing no specified amount of money shall limit recovery to an amount less than required for federal court jurisdiction in diversity of citizenship cases, unless language of the demand indicates that the recovery sought is in excess of such amount." However, "general principles of federal jurisdiction do not allow [Arkansas] Rule [of Civil Procedure] 8(a) to be dispositive of the amount in controversy for purposes of determining federal jurisdiction." *Haynes v. Louisville Ladder Grp., LLC*, 341 F. Supp. 2d 1064, 1067 (E.D. Ark. 2004); *see also Interstate Oil & Supply Co. v. Troutman Oil Co.*, 972 S.W.2d 941, 944 (Ark. 1998) (allowing a plaintiff who pled an unspecified amount of damages in its complaint to recover more than the jurisdictional minimum at trial); *Gilmer v. Walt Disney Co.*, 915 F. Supp. 1001, 1006 n.3 (W.D. Ark. 1996) (noting that allowing Rule 8(a) to bar diversity jurisdiction "would allow state rules of

procedure to determine whether federal jurisdiction existed. . . . We are unwilling to allow a state procedural rule to have such force" (citations omitted)). Further, note 3 to Arkansas Rule of Civil Procedure 8(a) states that "[t]he obvious purpose of this section is to prevent a plaintiff from using unliquidated demands to avoid removal of diversity of citizenship cases to federal court." *See Interstate Oil & Supply Co.*, 972 S.W.2d at 943 (citing note 3 with approval). Though pleading an unspecified amount of damages will not divest a federal court of diversity jurisdiction, "[p]laintiffs who desire to remain in state court can, of course, include in their complaint a specific demand for damages in an amount less than the jurisdictional amount." *Gilmer*, 915 F. Supp. at 1007 (W.D. Ark. 1996); *see also McClendon v. Chubb Corp.*, No. 11-CV-02034, 2011 WL 3555649, at *9 (W.D. Ark. Aug. 11, 2011).

Here, Plaintiff does not concede that her claim is worth less than the jurisdictional amount, and she pleads in her complaint damages for "permanent personal injury, medical bills, pain and suffering (past and present), aggravation of a pre-existing condition, loss of earning capacity, and other damages." (Doc. 3, p. 2, ¶ 6). Therefore, the Court finds that, by a preponderance of the evidence, more than $75,000 is in controversy in this matter. As such, the amount in controversy requirement for diversity jurisdiction is satisfied, and remand is not warranted.

IT IS THEREFORE ORDERED that Plaintiff's motion to remand (Doc. 6) is DENIED.

IT IS SO ORDERED this 23rd day of May, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE