UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PAIGE CHEREE KIMBLEY                                                              PLAINTIFF

v.                                             No. 2:22-CV-02075

WAYNE LESLIE STARR and
JOHN DOES 1 & 2                                                                  DEFENDANTS

**OPINION AND ORDER**

Before the Court is Plaintiff Paige Cheree Kimbley's motion (Doc. 11) to dismiss, amended motion (Doc. 12) to dismiss,[1] and brief in support (Doc. 13). Defendant Wayne Leslie Starr filed a response (Doc. 14) and brief in opposition (Doc. 15).

Defendant Starr filed a notice of removal (Doc. 1) on May 2, 2022, asserting this Court had jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because there was complete diversity of citizenship and the amount in controversy exceeded $75,000. Also on May 2, 2022, Plaintiff filed a motion (Doc. 6) to remand arguing that because she did not allege a specified amount of damages in her complaint (Doc. 3), under Arkansas Rule of Civil Procedure 8(a) damages were capped below the amount required for diversity jurisdiction in federal court. On May 23, 2022, the Court entered an order (Doc. 10) finding that it did have subject matter jurisdiction by way of diversity jurisdiction, and therefore denied Plaintiff's motion to remand. That same day, Plaintiff filed the instant motion and amended motion to dismiss, and in a brief filed the following day explained that she sought dismissal because she "never intended to appear to seek more than $75,000 but apparently was mistaken about the fact that her pleading could be construed to seek more than $75,000." (Doc. 13).

---

[1] Plaintiff's original motion (Doc. 11) and amended motion (Doc. 12) are identical in every respect.

Under Federal Rule of Civil Procedure 41(a)(2), "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." However, "a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum." *Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999) (citations omitted).

Plaintiff's brief makes clear that she seeks dismissal purely so she may refile her case in her preferred forum: Arkansas state court. However, the Eighth Circuit has "repeatedly stated that it is inappropriate for a plaintiff to use voluntary dismissal as an avenue for seeking a more favorable forum." *Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1214 (8th Cir. 2011) (citing *Cahalan v. Rohan*, 423 F.3d 815, 818 (8th Cir. 2005)). Even if Plaintiff amended her complaint and alleged damages below the jurisdictional amount, because the Court had subject matter jurisdiction at the time of removal, the Court would maintain jurisdiction. As the United States Supreme Court has stated:

> If the plaintiff could, no matter how bona fide his original claim in the state court, reduce the amount of his demand to defeat federal jurisdiction the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice. The claim, whether well or ill founded in fact, fixes the right of the defendant to remove, and the plaintiff ought not to be able to defeat that right and bring the cause back to the state court at his election.

*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938).

Defendant's right to remove this case to federal court is a corollary right to select another forum, and Defendant properly exercised that right. Therefore, Plaintiff's motion to dismiss will be denied.

IT IS THEREFORE ORDERED that Plaintiff's motion (Doc. 11) and amended motion (Doc. 12) to dismiss are DENIED.

IT IS SO ORDERED this 26th day of May, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE